The State of Ohio, Appellee, v. Bruns et al., Appellants.

(No. 511—Decided May 11, 1966.)

*Messrs. Koch & Koch* and *Messrs. Hinders & Klosterman,* for appellants.

*Mr. James W. Myers,* city solicitor, and *Mr. William B. Saxbe,* attorney general, for appellee.

Middleton, J. Complaints were filed in the Municipal Court of Celina against the defendants charging a violation of Section 1531.02, Revised Code, in that each of them did "unlawfully trespass on the Mercer County State Game Refuge by operating a drag line (by assisting in moving of drag line which was operating) on the Mercer County State Game Refuge, contrary to Emergency Division of Wildlife Order, Rule No. 175-63, Section (F) Subsection (1) which states: * * *."

On motion of counsel, these cases were consolidated and the defendants were tried together.

Defendants, upon trial, were both convicted and sentenced. From this judgment appeal was prosecuted to this court.

Defendants for their assignments of error state:

"I. The court erred in finding that there existed a legally constituted Mercer County State Game Refuge upon which the defendant-appellants could trespass.

"II. The court erred in finding that the defendant-appellant

Wannemacher as a riparian owner was not entitled to access to the lake water.

"III. That the finding of the court was against the weight of evidence."

The subsection of the order to which the affidavits pertained was part of Section (F) of the Division of Wildlife, Department of Natural Resources, order, Rule No. 175-63, which section and subsection read in their entirety as follows:

"(F) Mercer County Waterfowl Refuge

"It is *unlawful* for any person to hunt or take ducks, geese, brant, coot or Wilson's Snipe (Jacksnipe) at any time on the following described area:

"Beginning at a point on State Highway No. 703 where newly dredged land joins said Highway No. 703, thence south along highway No. 703 to the Intersection of Coldwater Creek, thence upstream to a point where the north-south line bisecting Section 13, Butler Township intersects Coldwater Creek, thence south along said line to a point where an east-west line bisecting the southeast ¼ of Section 24, Butler Township intersects said north-south line, thence east along said east-west line to Highway No. 127, thence north to Highway No. 703, thence south-east along Highway No. 703 to along eastern edge of the Lester H. Johnson farm, Franklin Township, thence north along the easterly boundary of the Lester H. Johnson farm to the easterly boundary between state owned land and the property of Beatrice and Bernard Huber, thence north along the easterly boundary of the state lands on the Beatrice and Bernard Huber property, to a point on the waters edge, thence north across open water to a point where a line running east by southeast from the point of beginning intersects said north-south line, thence north-west to a point of beginning, all such area in Mercer County.

"(1) Mercer County State Game Refuge

"It is further provided that it is *unlawful* to fish, hunt, trap, take or possess clams or mussels, crawfish, aquatic insects, fish, frogs, turtles, wild birds, or wild quadruped at any time on *any area within the above described tract designated as a State Game Refuge and posted with signs reading 'State Game Refuge, Trespassing Unlawful.'*

"Except as herein provided, no person *shall trespass* on

the *Mercer County State Game Refuge unless authorized to do so* by the Chief of the Division of Wildlife." (Emphasis added.)

The only identification of the Mercer County State Game Refuge contained in the above rule is "any area within the above described tract designated" as a State Game Refuge.

A careful reading of the entire record fails to disclose any evidence designating and marking any area or boundaries of any area designated as a State Game Refuge.

The provision of the above rule, that the area designated as Mercer County State Game Refuge be designated and marked, is mandatory and is a prerequisite to a conviction of the defendants of trespassing upon the Mercer County State Game Refuge. For the above reasons we find that the trial court erred in finding that there existed a legally described area designated as Mercer County State Game Refuge upon which the defendants could trespass. The judgment of the trial court in finding defendants guilty as charged and entering sentence is reversed, and the defendants are ordered discharged.

*Judgment accordingly.*

Guernsey, P. J., and Kerns, J., concur.

Kerns, J., of the Second Appellate District, sitting by designation in the Third Appellate District.